BOYD, Justice,
dissenting.
I respectfully dissent from the opinion of the Court. The majority promulgates a rule purporting to authorize the district courts of appeal to order hearings and rehearings en banc. Article V, section 4(a), Florida Constitution, provides:
SECTION 4. District courts of appeal.—
*995 (a) ORGANIZATION. — There shall be a district court of appeal serving each appellate district. Each district court of appeal shall consist of at least three judges. Three judges shall consider each case and the concurrence of two shall be necessary to a decision.
Because the constitution specifically provides that three judges shall consider each case heard by the district courts, a different procedure cannot be authorized by the promulgation of a court rule.
Subsection (a) of the proposed rule provides in part: “En banc hearings and rehearings are not favored and ordinarily will not be ordered except when such consideration is necessary to maintain uniformity in the court’s decisions.” Subsection (c) provides that a motion for rehearing en banc may be made “solely on the ground that such consideration is necessary to maintain uniformity in the court’s decisions.” The commentary to the proposed rule states, “The ground, maintenance of uniformity in the court’s decisions, is the equivalent of decisional conflict as developed by Supreme Court precedent in the exercise of its conflict certiorari jurisdiction.”
Uniformity of decisions within each district is a praise-worthy objective. However, the jurisdiction to resolve conflicts between and among decisions of the district courts of appeal lies with the supreme court. Prior to January 1, 1973, article V; section 4(2), Florida Constitution, provided that the supreme court could review by certiorari “any decision of a district court of appeal . . . that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law . . . .” After amendment effective January 1, 1973, article V, section 3(b)(3) of the Constitution, provided in part that the supreme court: “May review by certiorari any decision of a district court of appeal . . . that is in direct conflict with a decision of any district court of appeal or of the supreme court on the same question of law . . . Thus the power to harmonize conflicts, even from within a single district, was placed squarely with the supreme court.
It would appear that the proposed rule contemplates that the district courts will now be able to overrule or recede from their own established precedents through the mechanism of the rehearing en banc and thus eliminate conflict certiorari jurisdiction in the supreme court. Under the constitution, however, if a district court renders a decision which conflicts with one of its prior decisions, jurisdiction to review the case will still lie with this Court. Increasing the numbers sitting on a panel of a district court will not increase its authority.
The memorandum by Judge Carroll referred. to in the Appellate Structure Commission’s report, in concluding that en banc hearings are permissible, relied heavily on the case of Textile Mills Securities Corp. v. Commissioner of Internal Revenue, 314 U.S. 326, 62 S.Ct. 272, 86 L.Ed. 249 (1941). The Court there decided that the circuit courts of appeal could properly sit en banc, despite language in section 117 of the Judicial Code providing, “There shall be in each circuit a circuit court of appeals, which shall consist of three judges, of whom "two shall constitute a quorum . . .” The decision there turned on a question of statutory construction. The power of the district courts of appeal and the jurisdiction of the supreme court are governed by the Florida Constitution.
The proposed rule is in conflict with the constitution. Changes in the arrangements provided for therein can be made only by constitutional amendment and not by a rule of this Court.